UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND CLAUDIO,

                    Petitioner,

vs.                                   Case No. 3:13-cv-178-J-39JRK

SECRETARY, DOC, et al.,

                    Respondents.

_____

**ORDER**

**STATUS**

THIS CAUSE was remanded to this Court by the Eleventh Circuit (Doc. 17). Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. 1) and a Memorandum of Law (Doc. 3) on February 13, 2013, pursuant to the mailbox rule. He also filed a Motion to Excuse Exhaustion with Supporting Memorandum of Law (Motion) (Doc. 2). The Court, on February 22, 2013, entered an Order of Dismissal Without Prejudice (Doc. 6), which was filed on February 25, 2013.[1] The Court denied the Motion and dismissed the case without prejudice relying on comity and

_____

[1] While the matter was on appeal to the Eleventh Circuit, Petitioner filed a new habeas case, Case no. 3:13-cv-397-J-32MCR, on April 15, 2013 (post-marked April 11, 2013), challenging the same conviction. The Court takes judicial notice of that case. Petitioner was in custody at the time of the filing of that new petition as well as at the time of the filing of the amended petition on May 10, 2013 (Doc. 8) (post-marked May 6, 2013). That case, although ripe for review, is currently administratively closed pending the ruling in this case. See Order (Doc. 40), Case No. 3:13-cv-397-J-32MCR. Of note, Petitioner was released from prison on September 16, 2013.

exhaustion principles.  Id.  The Eleventh Circuit, in its August 20, 2014 Opinion (Opinion) (Doc. 17), vacated the Court's Order of Dismissal pursuant to Issue 2 of the certificate of appealability:

> (2) If the district court did not violate Clisby v. Jones, whether the court erred in determining, without obtaining the state record or holding an evidentiary hearing, that Claudio had not shown circumstances that demonstrate that he should be excused from exhaustion pursuant to § 2254(b)(1)(B)[.]

Opinion at 2.  The mandate issued on September 19, 2014 (Doc. 18).

The Court ordered Respondents to file a response to Petitioner's Motion, Order (Doc. 20), with a directive to address the following matters.

> Should exhaustion of state court remedies be excused due to the state court's lengthy delays in adjudicating Petitioner's post conviction motion? In particular, Respondents must address whether Petitioner has shown circumstances that demonstrate that he should be excused from exhaustion pursuant to 28 U.S.C. § 2254(b)(1)(B). Indeed, Respondents should address whether Petitioner has shown circumstances that may have rendered exhaustion of his claims in state court ineffective to protect his rights. Respondents must also address whether, if Petitioner has not yet fully exhausted his state court remedies, whether this Court should employ the stay-and-abeyance procedure under these particular circumstances. If it is denied that Petitioner has exhausted his state remedies, the response shall contain in detail an explanation of which state remedies are available to Petitioner.

Order (Doc. 20) at 1-2.

The Court also ordered Respondents to provide the Court with the full record of the state post conviction proceedings and proposed factual findings as to whether Petitioner has shown circumstances that demonstrate that he should be excused from exhaustion of his claims. Id. at 2-3. The Court ordered Petitioner to file a reply, with the option of filing proposed factual findings as to whether he has shown circumstances that demonstrate that he should be excused from exhaustion of his claims. Id. at 4.

Respondents filed a Response to Petitioner's Motion to Excuse Exhaustion (Response) (Doc. 22). Respondents submitted an Appendix (Doc. 21) and an additional Appendix (Doc. 23) with "readable copies" of exhibits.[2] Petitioner filed a Motion to Expand Record (Doc. 25), which was granted in part and denied in part, with his Reply to Respondents' Response to Petitioner's Motion to Excuse Exhaustion (Reply) (Doc. 26).[3] See Order (Doc. 29).

## MOTION TO EXCUSE EXHAUSTION

With regard to an application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment, under 28 U.S.C. § 2254(b)(1)(A), there is an exhaustion requirement

---

[2] The Court will hereinafter refer to the exhibits contained in the Appendices as "App."

[3] The Court will hereinafter refer to the accepted exhibits in the expanded record to the Reply (exhibits 7, 12, 13, 14, 16, 20, 21, 23, 25, 26 & 27) as "Ex."

3

requiring the exhaustion of remedies available in the courts of the state, unless:

> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In his Petition, Petitioner advises the Court that he has not obtained a state court ruling on the grounds raised in the Petition. With regard to ground one, he states that it is "[n]ot final yet[.]" Petition at 21. In reference to ground two, he notes that the motion for post conviction relief is "[s]till open[.]" Id. at 23. With respect to ground three, he more specifically states that there is [n]o decision rendered due to inordinate delay to preclude Federal review." Id. at 25. In providing the procedural history for ground four, he states there has been "[n]o decision[.]" Id. at 27. Finally, with regard to ground five, he discloses that there has been "[n]o decision[.]" Id. at 29. He also mentions a "road block and procedural snarls" and being "thwarted by the Lower Court[.]" Id.

In his Motion, Petitioner claims there have been lengthy delays in adjudicating his state post conviction motion as a result of circumstances that have rendered exhaustion of his claims in state court ineffective to protect his rights:

> The respondent does not have a procedure that provides for a swift review of Petitioner['s] constitutional claims and has disregarded

4

> deliberately, if not, at least negligently, refused to consider Petitioner['] s constitutional claims and has put up [a] road block and procedural obstacles to ensure that the unethical conduct of the St. John[s] County Circuit Court is not revealed.

Motion at 1.

Petitioner seeks to excuse the exhaustion requirement asserting that "[t]he Federal Courts have excused exhaustion when the States do not provide for a swift review of Constitutional claims as a Petitioner['] s sentence rapidly approaches conclusion." Id. at 3.

## PROCEDURAL HISTORY

A brief procedural summary will be provided to give context to this proceeding. Petitioner was charged by information with DUI causing serious bodily injury to another. App. A. On January 13, 2012, Petitioner entered into a written plea agreement, pleading no contest to the charge with an agreement of 28.5 months imprisonment as his sentence. App. C. On January 13, 2012, the court adjudicated Petitioner guilty and sentenced him 28.5 months in prison. App. B. Petitioner did not take a direct appeal. Response at 2.

On March 26, 2012, pursuant to the mailbox rule, Petitioner filed a pro se "Emergency Motion for Post-Conviction Relief Motion to Disqualify." App. D. Petitioner then proceeded to flood the trial court with amended and supplemental post conviction motions. App. E; App. F; App. G; App. H; App. I; App. J. After this flurry

of filings, the trial court struck the outstanding motion, including the supplements and amendments, and ordered Petitioner to file an amended motion for post conviction relief stating all of his claims, see App. O at 2, and Petitioner, on September 24, 2012 (pursuant to the mailbox rule) filed his "Amended Motion for Post-Conviction Relief as Ordered by the Court on September 12, 2012." App. K.  Once again, Petitioner continued his stream of filings by filing a supplemental post conviction motion, App. L (filed with the clerk on November 8, 2012); a memorandum of law, App. M (filed November 13, 2012); and a supplemental motion dated November 6, 2012, App. N.  On December 10, 2012, Petitioner filed an interlocutory appeal to the Fifth District Court of Appeal. Ex. Q, Appendix A at 4.  In a memorandum dated February 11, 2013, the Fifth District Court of Appeal dismissed the appeal.  Id. at 2.

Without obtaining a ruling from the trial court, Petitioner filed his federal Petition on February 13, 2013, pursuant to the mailbox rule, stating that his post conviction motion was still pending.  In less than two weeks, the circuit court, on February 25, 2013, denied Petitioner's post conviction motion.[4]  App. O.  In

---

[4] Of import, on February 18, 2013, the circuit court, noting Petitioner plethora of filings (76 pre-trial motions, 62 post-trial motions, plus 22 new cases in the Fifth District Court of Appeal), determined that Petitioner's pro se filings should be restricted, finding Petitioner repeatedly abused the judicial system and no merit to his response to order to show cause.  App. Q at 8-9.  The court required Petitioner to have any pleadings or papers filed with the court to be reviewed and signed by an attorney.  Id. at 9. The court notified Petitioner he had thirty days to appeal the

its order, the trial court advised Petitioner that he had the right to appeal within thirty days.  <u>Id</u>. at 12.  Petitioner did not appeal the denial of he post conviction motion.  Response at 2.

### EXHAUSTION NOT EXCUSED

Petitioner has filed a motion to excuse exhaustion due to alleged lengthy delays in adjudicating a pending state post conviction motion.  The Court has obtained the state court record in order to make the determination as to whether Petitioner has shown circumstances that demonstrate that he should be excused from exhaustion.  The Court concludes that there is no need for an evidentiary hearing.

Of import, "[s]tate habeas is not a stage 'subsequent' to federal habeas."  <u>Tabatabee v. Barrow</u>, No. 2:12-cv-00150-RWS-JCF, 2012 WL 7018193, at *4 (N.D. Ga. Dec. 10, 2012) (quoting <u>Gary v. Ga. Diagnostic Prison</u>, 686 F.3d 1261, 1274 (11th Cir. 2012) (quoting <u>Harbison v. Bell</u>, 556 U.S. 180, 189 (2009)) (internal quotation marks omitted), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> 2013 WL 490111 (N.D. Ga. Feb. 8, 2013).  Indeed, state court remedies should not be sought simultaneously with federal remedies, as this "would offend the principles of comity that form the basis for the

---

order.  <u>Id</u>. at 10.  By March 6, 2013, the Fifth District Court of Appeal also found Petitioner had not shown good cause why he should not be barred from further pro se filings and concluded that he was an abusive litigant.  App. R.  The court required any pleadings related to Petitioner's criminal case to be filed by counsel.  <u>Id</u>.

exhaustion requirement." <u>Morris v. Carter</u>, No. 1:13-cv-0899-WSD, 2013 WL 5432825, at *2 (N.D. Ga. Sept. 27, 2013) (quotation marks and citations omitted).

Thus, as a rule, before challenging a state court conviction, a state prisoner must exhaust all state remedies prior to bringing a federal habeas case. 28 U.S.C. § 2254(b)(1)(A),(c). This means:

> A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). Furthermore, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

<u>Tabatabee</u>, 2012 WL 7018193, at *2.

With this in mind, the question arises as to whether the state procedures afford "swift vindication" or are there such snarls and obstacles that an effective remedy has been precluded. <u>Galtieri v. Wainwright</u>, 582 F.2d 348, 354 n.12 (5th Cir. 1978) (citations

omitted).[5]  Notably, a showing of a mere lapse of time will not win the day, but the wait should not be so inordinate as to frustrate the purpose of the proceeding.  Dixon v. Florida, 388 F.2d 424, 425 (5th Cir. 1968).  In order to find the state remedy ineffective and excuse exhaustion, there must be "unreasonable, unexplained state delays" in acting on the motion.  Cook v. Fla. Parole and Probation Comm., 749 F.2d 678, 680 (11th Cir. 1985) (per curiam) (citations omitted).

For example, a district court found that a motion for new trial which languished in the state court system for almost eleven years, with no evidence of progress toward resolution, evidenced an "intolerable state of affairs" justifying the decision to excuse exhaustion.  Sloan v. Chapman, No. CV 110-096, 2011 WL 816789, at * 2 (S.D. Ga. Jan. 31, 2011), report and recommendation adopted by 2011 WL 6032961 (S.D. Ga. Nov. 30, 2011).  On the other hand, federal courts have concluded that an eight-year delay is reasonable when the state procedure was found to be both viable and available when the petitioner filed his federal petition, Hughes v. Stafford, 780 F.2d 1580, 1581-82 (11th Cir. 1986) (per curiam), and a delay of 3.5 years is not "unreasonable or unjustified."  Cook, 749 F.2d at 680.

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Since "[t]here is no single standard for evaluating what constitutes an unreasonable delay[,]" the Court will consider whether the delay is justifiable under the circumstances and whether the state court was awakened to its duties, moving forward, or making visible progress toward disposition.  See Brown v. Walker, No. 1:09-cv-2534-WSD, 2010 WL 3516820, at *1 (N.D. Ga. Aug. 31, 2010) (finding unreasonable and unexplained delays when reviewing a state petition pending four years, but also holding that exhaustion was not excused because the proceedings were moving forward); Wilkes v. Owens, No. CV 109-149, 2010 WL 3338690, at *4 (S.D. Ga. Aug. 3, 2010) (recognizing that a federal court should be reluctant to interfere if the state court is making visible progress), report and recommendation adopted by 2010 WL 3338687 (S.D. Ga. Aug. 23, 2010).  Even assuming there is a lengthy delay, a failure to exhaust should not be excused if the delay is attributable to the petitioner or is justified or excused because of unique circumstances. Sloan, 2011 WL 816789, at *3 (citing Cook v. Fla. Parole & Probation Comm'n, 749 F.2d at 680)).

While recognizing these parameters for excusing exhaustion, the Court is mindful that it should not set aside the exhaustion requirement lightly.  Wilkes, 2010 WL 3338690, at * 4.  This reluctance to excuse exhaustion is based on the accepted premise that the exhaustion requirement is "rooted in the principle of comity[.]"  Sloan, 2011 WL 816789, at *2.  Indeed, "state courts

must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment." Id. (citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

In this instance, there was no unreasonable delay in rendering a decision on Petitioner's post conviction motion. Although Petitioner complains that he was denied a swift review of his claims, upon review, any delay in reaching the merits of the post conviction motion was caused by Petitioner repeatedly amending and supplementing his motion. Once the trial court ordered Petitioner to filed an amended post conviction motion, he did so, but he again began his relentless submissions of pro se documents to the state courts.

For clarity, the Court will briefly restate the history of the state court proceeding. The original post conviction motion was filed on March 26, 2012. After filing his amended motion, Petitioner filed supplements and finally a memorandum of law with the state court clerk on November 13, 2012. At this point, not even eight months had passed since the filing of the original motion, and Petitioner had continued to modify his motion by filing amendments and supplements. There was never stagnation in the proceedings as evidenced by the constancy and recency of the filing of supplements, amendments, and memoranda. See Keinz v. Crosby, No. 05-12162, 2006 WL 408686, at *2 (11th Cir. 2006) (per curiam)

(Not Reported in Federal Reporter) (recognizing the recent progress in the proceedings and not excusing exhaustion); <u>Morris v. Carter</u>, 2013 WL 5432825, at \*2 (noting that the delay was not as prolonged as suggested due to recent briefing in the state case); <u>Calloway v. Burnette</u>, No. 1:08-cv-146 (WLS), 2013 WL 4011003, at \*3 (M.D. Ga. Aug. 6, 2013) (holding that exhaustion is not excused as it is clear that the direct appeal is moving forward).

Petitioner filed his federal Petition on February 13, 2013. Slightly over three months after the filing of Petitioner's last post conviction memorandum in the circuit court, the state court denied the amended post conviction motion on February 25, 2013. App. O.  Thus, the delay was not as long as Petitioner suggests, and any delay was attributable to the actions of Petitioner.  In its January 22, 2013 Order to Show Cause, the circuit court explained why it had been deterred from making a final ruling more expeditiously.  Ex. 13.  Not only had Petitioner flooded the court with pro se motions and pleadings, he had taken an interlocutory appeal to the Fifth District Court of Appeal:

> Additionally, prior to the Court having an opportunity to rule on the merits of Defendant's pending motion for postconviction relief, the defendant filed an appeal pertaining to that motion. Due to the pending appeal, **the Court does not have jurisdiction to rule on the merits of that motion**; however, Defendant continues to load the docket with filings while the appeal is pending.

Ex. 13 at 8.   See Ex. 7 at 2, Fifth District Court of Appeal Memorandum Dated 2/11/13 dismissing the appeal (no mandate to issue).  Shortly after the Fifth District Court of Appeal dismissed the appeal, the circuit court rendered its decision on the post conviction motion.  App. O.

The record demonstrates that there were no unreasonable and unexplained delays; the state court was making visible and steady progress toward disposition.  As such, Petitioner's path to post conviction relief was not obstructed, snarled or unduly delayed.  The record further shows there was no absence of state corrective process or circumstances which existed which rendered the state court process ineffectual.

Indeed, during the pendency of Petitioner's post conviction motion, there was an available state corrective process, and the circumstances were not such that they rendered the process ineffective to protect petitioner's rights.  This is not the type of case with years passing and a silent, unexplained record of inactivity.  Instead, there was steady progress in the case.  Notably, in less than a year from the filing of the original post conviction motion (from March 26, 2012 to February 25, 2013), the state court rendered its decision.

Petitioner's decision to rush to this Court without waiting for a ruling from the state court on his post conviction motion is more likely due to the fact that he feared that he would be

declared an abusive litigant. His fears were not unjustified. The Florida Supreme Court has determined that "any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims." State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). Both the state trial and appellate courts found Petitioner to be an abusive litigant after concluding that he failed to show adequate cause from being prohibited from further pro se filings. App. Q; App. R.

Significantly, the orders barring further pro se filings were rendered after the filing of Petitioner's post conviction motion; therefore, once Petitioner's interlocutory appeal was dismissed by the Fifth District Court of Appeal, there was no additional barrier to the trial court ruling on Petitioner's post conviction motion, and the court promptly rendered its decision. App. O.

This Court is not persuaded that Petitioner's abusive tactics in the state court system, and ultimately the state courts' decision to declare him an abusive litigant, negate or excuse the requirement that he exhaust his state court remedies prior to filing a federal petition for post conviction relief. Although Petitioner was eventually prohibited from filing pro se proceedings, he was certainly allowed to file anything through an attorney in good standing with the Florida Bar after he was found

14

to have abused the judicial process.  Thus, he could have appealed the denial of his post conviction motion through an attorney licensed to practice in Florida.  <u>See</u> Response at 7.

As noted by this Court, a court can restrict future pro se pleadings after giving notice and providing the defendant with an opportunity to respond.  <u>See</u> <u>Thomas v. Sec'y, Dep't of Corr.</u>, No. 8:08-cv-104-T-23AEP, 2010 WL 5057275, at *2 (M.D. Fla. Dec. 6, 2010) (relying on <u>State v. Spencer</u>, 751 So.2d 47 (Fla. 1999)); <u>Williams v. Sec'y, Dep't of Corr.</u>, No. 5:07-cv-97-OC-10GRJ, 2009 WL 1513412, at *2 (M.D. Fla. May 27, 2009) (finding the eleventh collateral filing, a mandamus petition, frivolous and an abuse of process, and barring further pro se filings); <u>Carlisle v. McDonough</u>, No. 3:04-cv-1005-32TEM, 2007 WL 781894, at *5 (M.D. Fla. March 13, 2007) (holding successive petitions are an abuse of the judicial system and barring pro se pleadings related to the petitioner's conviction and sentence).

The issue that Petitioner eventually faced, having to obtain a lawyer to appeal a denial of his state post conviction motion, is attributable to Petitioner's own abusive actions of filing with "unrelenting frequency" pro se motions/pleadings in both the trial and appellate courts.  Ex. Q at 1.  The court related:

> Defendant is usurping the resources of the Court and the Clerk of Court's Office, and in addition, seeks priority review of his motions without regard to the scores of other felony cases pending in this county.  The Court notes that in addition to Defendant's plethora of

> filings in this Court, Defendant has initiated
> twenty-two new cases in the Fifth District
> Court of Appeal raising issues relating to the
> instant case.

Id. at 8.  In fact, the trial court found that requiring Petitioner

to file through a lawyer in good standing promoted access to the

courts rather than hindered it.  Id. at 9.

Upon review, Petitioner has not shown a lengthy delay in

adjudicating Petitioner's post conviction motion.  The final

decision was rendered by the circuit court in less than a year from

the post conviction motion's original filing date.  Although there

were some insignificant delays, they were caused by Petitioner's

relentless filing of pro se motions and pleadings, resulting in the

court's resources being diverted from addressing the merits of the

post conviction motion, and Petitioner's action of taking an

interlocutory appeal, which temporarily deprived the circuit court

of jurisdiction.

Petitioner has not shown circumstances which have rendered

exhaustion of his claims in state court ineffective to protect his

rights.  There was a procedure for prompt review of Petitioner's

constitutional claims, and the circuit court was hindered by

Petitioner's own actions in completing that procedure.  The court

did not deliberately or negligently refuse to consider Petitioner's

claims.  More importantly, there was no lengthy delay in reaching

the merits of Petitioner's motion.  The state court was moving

forward and making visible progress toward disposition.  Any delay

16

in reaching a final disposition of the post conviction motion is attributable to Petitioner.

As noted previously, the exhaustion requirement may not be set aside lightly.  Petitioner's attempt to seek state court remedies simultaneously with federal remedies offends the principles of comity.  The span of time which passed from the filing of the post conviction motion to the ruling by the circuit court was not unreasonable or unjustified.  The state procedure was both viable and available, except for events attributable to Petitioner.  Upon review, the circuit court, once it did rule, thoroughly and completely addressed Petitioner's claims.  App. O.  The court was not derelict in its duties, thoroughly and completely addressing the constitutional issues and notifying Petitioner of his right to appeal the court's decision.  Id.

## PROCEDURAL DEFAULT

In addressing the question of exhaustion, the Court must ask whether Petitioner's claim was properly raised in the state court proceedings:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a

17

claim on federal grounds, or by simply labeling the claim 'federal.'" <u>Baldwin v. Reese</u>, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in <u>Baldwin</u> "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. <u>McNair</u>, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state-law claim." <u>Kelley</u>, 377 F.3d at 1343-44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." <u>Id</u>. at 1344 (quotation omitted).

<u>Lucas v. Sec'y, Dep't of Corr.</u>, 682 F.3d 1342, 1351-52 (11th Cir. 2012), <u>cert</u>. <u>denied</u>, 133 S.Ct. 875 (2013).

There are prerequisites to a federal habeas review. As such, the Court must also be mindful of the doctrine of procedural default:

Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>, <u>supra</u>, at 747-748, 111 S.Ct. 2546; <u>Sykes</u>, <u>supra</u>, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal

18

> review of the claims if, among other
> requisites, the state procedural rule is a
> nonfederal ground adequate to support the
> judgment and the rule is firmly established
> and consistently followed. See, e.g., Walker
> v. Martin, 562 U.S. ----, ----, 131 S.Ct.
> 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard
> v. Kindler, 558 U.S. ----, ----, 130 S.Ct.
> 612, 617-618, 175 L.Ed.2d 417 (2009). The
> doctrine barring procedurally defaulted claims
> from being heard is not without exceptions. A
> prisoner may obtain federal review of a
> defaulted claim by showing cause for the
> default and prejudice from a violation of
> federal law. See Coleman, 501 U.S., at 750,
> 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

Procedural defaults may be excused under certain circumstances; "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." Lucas, 682 F.3d at 1353 (citing Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

In order for Petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and

19

> which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999).

As noted by Respondents, Response at 4, exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal of its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam). Here, not only did Petitioner fail to wait for a ruling from the state court before coming to the federal court, once he obtained the state court ruling, he failed to appeal the denial of his motion despite the fact that the trial court advised him that he had thirty days to appeal its decision.[6] App. O at 12.

As a result, Petitioner did not fairly present his federal constitutional claims to the state courts. Instead, he came to the federal court without a final state court ruling on his claims.

Any further attempts to seek post conviction relief in the state courts on these grounds will be unavailing for a number of reasons. Notably, Petitioner has already received a state court ruling on his claims. App. O. He cannot appeal the denial of his

---

[6] Respondents raise a procedural default argument in Case No. 3:13-cv-397-J-32MCR as well.

Rule 3.850 motion because the thirty-day period to appeal has elapsed. Also of import, a second Rule 3.850 motion would be both successive (there is a prior determination on the merits) and untimely (two years have elapsed since the judgment and sentence became final). Rule 3.850(b),(h), Fla. R. Crim. P.

Petitioner has procedurally defaulted his claims. Therefore, he must demonstrate cause and prejudice. First, Petitioner must demonstrate cause for his default. The cause has to result from an objective factor external to the defense that prevented Petitioner from raising his constitutional claims which cannot be fairly attributable to his own conduct. As noted above, Petitioner's own conduct wrecked havoc in the state court proceedings. He relentlessly filed amended and supplemental pleadings. In an attempt to control his progressively more abusive behavior, the trial court entered an order requiring Petitioner to file an amended post conviction motion. Although Petitioner blamed the state court for not rendering a prompt decision, Petitioner's own actions of constantly amending and supplementing his pleadings, and taking an interlocutory appeal, slowed the progress of the case.

Additionally, it was Petitioner's own conduct, of coming to this Court without a final decision from the state court, that contributed to his default. Not only did he prematurely filed this case without exhausting his state court remedies, he failed to appeal the denial of his post conviction motion once the state

21

court decision was rendered.  Again, the failure to timely appeal the denial of his Rule 3.850 motion is attributable to Petitioner's conduct.  Petitioner had the opportunity to seek counsel and have counsel review and sign his notice of appeal.  See App. Q at 9. This he failed to do.  Again, his failure is not excused as it was his own conduct which resulted in the state courts banning further pro se pleadings, a sanction which the state courts are specifically authorized to undertake.  Rule 3.850(n)(4)(D), Fla. R. Crim. P.  The underlying claims were not presented to the state appellate court, the Fifth District Court of Appeal.  Therefore, the state appellate court did not have an opportunity to review the constitutional issues.

Petitioner has not shown cause and prejudice.  He has failed to show that failure to address each claim on the merits would result in a fundamental miscarriage of justice.  This is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence.  With the representation of a public defender, Petitioner entered a negotiated plea to one count of DUI causing serious bodily injury to another.  App. C; App. O, Appendix A, Plea Transcript.  As noted by the trial court, the Florida Department of Law Enforcement report showed Petitioner had a blood alcohol content of .176 and .177.  App. O at 7.  The prosecutor referenced this fact during the plea proceeding.  Id., Appendix A at 25.  The victim brought

"lengthy restitution" to the prosecutor's attention. Id. at 5. During the plea proceeding, the defense stipulated to the facts proffered by the state, including the description of Petitioner's impaired driving and infliction of serious bodily injury to the victim.[7] Id. at 14.

Petitioner's claims are unexhausted and procedurally defaulted. The fundamental miscarriage of justice exception is inapplicable to the case at bar. Thus, Petitioner is barred from pursuing his claims in federal court.

## STAY AND ABEYANCE

The final question before this Court is whether the Court should employ the stay-and-abeyance procedure. Rhines v. Weber, 544 U.S. 269 (2005). Respondents contend that this Court should not employ the procedure because Petitioner has failed to show good cause for failure to exhaust his claims. Response at 10-11. Also, Respondents point out that the Petition does not contain both exhausted and unexhausted claims. Id. at 11. Thus, it is not a mixed petition. Rhines, 544 U.S. at 278. Finally, Respondents argue that a stay would serve no real purpose because Petitioner

---

[7] Long before the plea proceedings, the trial court recognized that whether the victim had serious bodily injury, "a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss of impairment of the function of any bodily member or organ[,]" was a factual issue. App. O, Appendix G, Order at 2.

23

has no available state court remedies since he failed to appeal the denial of his Rule 3.850 motion. Id.

Of note, "[d]istrict courts do ordinarily have authority to issue stays, see Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936), where such a stay would be a proper exercise of discretion, see Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)." Rhines, 544 U.S. at 276. However, the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has changed the landscape of habeas corpus with its "goal of streamlining federal habeas proceedings." Rhines, 544 U.S. at 277. Thus, "stay and abeyance should be available **only in limited circumstances**." Id. (emphasis added).

These circumstances are limited:

> A district court should grant a stay and abeyance if (1) the petitioner had "good cause" for failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

Thomspon v. Sec'y for Dep't of Corr., 425 F.3d 1364, 1366 (11th Cir. 2005) (per curiam) (citation omitted).

The Court finds that this is not a mixed petition. All of the grounds are unexhausted. The Court further finds that Petitioner has not demonstrated good cause for his failure to exhaust his claims in state court. He should have waited for the trial court

24

to address the claims raised in his Rule 3.850 motion before filing his federal Petition.   Once the trial court's decision was rendered, he failed to appeal that decision.   The record shows that he was informed that he had thirty days to appeal.   Upon review, it would serve no purpose to enter a stay because Petitioner has procedurally defaulted his claims.   He has no other remedy available in the state courts.   More than two years have passed since his conviction became final, so a new Rule 3.850 motion would be time-barred and successive.   Additionally, the time to appeal the denial of his Rule 3.850 motion has long passed.   Thus, Petitioner would be barred from filing a successive post conviction motion or an appeal.   Under these circumstances, a stay is not warranted.

Therefore, it is now

**ORDERED:**

1.   Petitioner's Motion to Excuse Exhaustion (Doc. 2) is **DENIED.**

2.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

3.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[8]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October, 2015.

_(signature)_
_____
BRIAN J. DAVIS
United States District Judge

sa 9/29
c:
Raymond Claudio
Counsel of Record

---

[8] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

26